UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA ALVAREZ,

        Plaintiff,                           CIV S-06-1131 MCE PAN (GGH) PS

     v.

A. QUINTON,                               ORDER and
                                              FINDINGS AND RECOMMENDATIONS

        Defendant.
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The complaint must also comply with the general rules of pleading set forth in Fed. R. Civ. P. 8(a), which requires that complaints set forth (1) the grounds

upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Additional general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

The complaint[1] challenges the temporary (four month) revocation of plaintiff's parole following his arrest May 12, 2004 on charges of false imprisonment, battery and rape against his girlfriend.  Plaintiff alleges he is entitled to relief pursuant to 42 U.S.C. § 1983 for violation of his civil rights because his arrest and detention were without probable cause in violation of the Fourth and Fourteenth Amendments and the revocation of his parole failed to meet due process standards; plaintiff seeks $40,000,000 damages plus costs and attorney fees.

This complaint is based upon the identical facts presented in Alvarez v. Treat et al., Civ. S-05-0169 DFL PAN (JFM) PS, which this court has already addressed on the merits.[2]  Among the several defendants named in Alvarez v. Treat was A. Quinton, plaintiff's parole officer and the sole defendant herein.  The court found that "the complaint failed to allege how Quintin subjected plaintiff to violation of any federal due process guarantee," citing Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1982), and dismissed plaintiff's claim against Quinton with leave to amend the complaint within fifteen days.  Plaintiff did not respond.  The court later concluded that plaintiff's detention and arrest were consistent with Fourth Amendment standards.

---

[1] Plaintiff has filed several proposed complaints in this court based on his eligibility to proceed in forma pauperis; virtually all of the complaints challenge various actions of law enforcement and include many of the same defendants.

[2] See Alvarez v. Treat et al., Civ. S-05-0169 DFL PAN (JFM) PS, findings and recommendations filed May 25, 2005, August 30, 2005, and May 4, 2006, and orders adopting those findings and recommendations filed September 16, 2005 and October 24, 2005 (the district judge has not yet issued an order on the May 4, 2006 findings and recommendations).

        The court's determination in <u>Alvarez v. Treat</u> that plaintiff's parole revocation challenge failed to state a claim against defendant Quinton, and plaintiff's failure to accept the court's invitation to restate that claim, is a "judgment on the merits" for purposes of res judicata, thus precluding the instant action. As the Ninth Circuit stated in <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 957 (9th Cir. 2002) in the context of Fed. R. Civ. P. 12(b)(6):

> Rule 12(b)(6) dismissals are granted based on a plaintiff's failure to plead a cognizable claim. Using this yardstick, a district court analyzes the facts and legal claims in the complaint to determine if the plaintiff has alleged a cause of action. Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. <u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424 (1981). As the Court said in <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S.Ct. 773 (1946), "[i]f the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."

<u>See</u> <u>also</u>, <u>Angel v. Balaam</u>, 168 Fed. Appx. 239, 240, 2006 WL 448546, 1 (9th Cir. 2006).[3] Moreover, a court may find an action frivolous if precluded by principles of res judicata. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984); <u>see</u> <u>also</u>, <u>Nietzke v. Williams</u>, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1832 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "inarguable legal conclusion[s]").

        Accordingly, the instant complaint is barred by principles of res judicata and therefore legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). The complaint should therefore be dismissed with prejudice. While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where amendment would be futile. <u>See</u> <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336 (9th Cir. 1996).

---

[3] "[T]he district court properly dismissed this action, because it is barred by res judicata. <u>See</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir.1984) (action barred by res judicata can be dismissed as frivolous under 28 U.S.C. § 1915 ); <u>see also</u> <u>Mpoyo v. Litton Electro-Optical Sys.</u>, 430 F.3d 985, 987 (9th Cir.2005) (doctrine of res judicata serves to bar a claim where there is an identity of claims, a final judgment on the merits and an identity of parties); <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 957 (9th Cir.2002) (dismissal for failure to state a claim is a "judgment on the merits" to which res judicata applies)." <u>Angel v. Balaam</u>, 168 Fed. Appx. 239, 240, 2006 WL 448546, 1.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 24, 2006 application to proceed in forma pauperis is granted.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/28/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6:ALVAREZ.ifp.1131